Filed 2/24/16  P. v. Jimenez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C078167 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF142681) |
| v. | |
| CHRISTOPHER LEE JIMENEZ, | |
| Defendant and Appellant. | |

A jury convicted defendant Christopher Lee Jimenez of second degree burglary (Pen. Code, § 459; count 3),[1] possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 4), and vandalism, a misdemeanor (§ 594, subd. (a); count 5). The jury acquitted defendant of two counts of making criminal threats (§ 422; counts 1 &

---

[1] Undesignated section references are to the Penal Code.

1

2).  In bifurcated proceedings, the court found a strike prior (§§ 667, subds. (b)-(i), 1170.12) and four prior prison term allegations (§ 667.5, subd. (b)) to be true.

At sentencing, the court imposed an aggregate state prison sentence of six years: four years for burglary (the midterm of two years doubled for the strike prior); two years for the prior prison terms (one-year each for two terms and the court struck the other two); a six-month concurrent term for the drug possession offense (the court reduced the offense to a misdemeanor pursuant to Proposition 47 [Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014)]); and a six-month concurrent term for misdemeanor vandalism.

Defendant appeals.  He contends section 654 bars multiple punishment for misdemeanor vandalism.  The People concede.  We agree and will modify the judgment, staying the six-month concurrent term imposed for vandalism pursuant to section 654.

## FACTS

About 11:00 p.m. on June 7, 2014, Wayne Ross was headed towards his locked pickup truck parked in the lot of the home improvement store where he worked when he noticed defendant inside of it.  Ross and his coworker Osbaldo Ochoa started to run towards the truck and defendant ran away with Ross and Ochoa in pursuit.  After defendant threatened them, defendant ran into a dark field with trees.  Ross and Ochoa decided not to follow.  Officer Mark Flatley arrived and released his canine Bolo to search for defendant.  Bolo located defendant, hiding under a tree.  Defendant held in his hand a plastic bindle containing methamphetamine.

Ross returned to his truck and found that the driver's side window had been broken.  The damage did not exist when Ross parked the truck earlier that day.  Ross paid $130 to have the window replaced.

DISCUSSION

Defendant contends the imposition of a concurrent sentence for misdemeanor vandalism violates section 654, which bars multiple punishment. The People state that they are "forced to agree." We agree.

Section 654, subdivision (a) provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision."

" 'The proscription against double punishment in section 654 is applicable where there is a course of conduct which . . . comprises an indivisible transaction punishable under more than one statute . . . . The divisibility of a course of conduct depends upon the intent and objective of the actor, and if all the offenses are incident to one objective, the defendant may be punished for any one of them but not for more than one.' [Citation.] 'The defendant's intent and objective are factual questions for the trial court; [to permit multiple punishments,] there must be evidence to support a finding the defendant formed a separate intent and objective for each offense for which he was sentenced. [Citation.]' [Citation.]" (*People v. Coleman* (1989) 48 Cal.3d 112, 162; see *People v. Capistrano* (2014) 59 Cal.4th 830, 885-886.)

As defendant contends and the People concede, there was not any evidence presented at trial which showed that defendant vandalized Ross's truck (broke the window) for any purpose other than to gain entry into the truck. Thus, we conclude that the six-month concurrent sentence for misdemeanor vandalism should have been stayed pursuant to section 654.

DISPOSITION

The judgment is modified by staying the sentence on count 5 (misdemeanor vandalism) pursuant to section 654. The trial court is directed to prepare an amended

abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


                                                                 /s/
                                                                 Blease, J.


We concur:



           /s/
           Raye, P. J.



           /s/
           Duarte, J.